UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH FINE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ANDREW SAUL,<br><br>　　　　Defendant. | Case No. 19-cv-06329-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 10 |

On August 27, 2015, the Social Security Administration ("SSA") notified Plaintiff Kenneth Fine that it was determined that his disability had ended August 2015. Dkt. No. 10-1, Ex. 1. This was affirmed upon reconsideration in July 2017. *Id.*, Ex. 2. On September 29, 2017, Plaintiff requested a hearing. *Id.*, Ex. 3. After numerous attempts to provide a notice of hearing to Plaintiff, he finally submitted an Acknowledgment of Receipt of the Notice of Hearing on April 1, 2019, and confirmed he would be present for the May 30, 2019 hearing. *Id.*, Ex. 15. Plaintiff nonetheless failed to appear for his hearing and the Administrative Law Judge ("ALJ") dismissed the request for a hearing. *Id.*, Ex. 19. The Appeals Council confirmed the dismissal on August 30, 2019. *Id.*, Ex. 25.

On October 3, 2019, Plaintiff filed this pro se civil action challenging the agency's actions. The Secretary moved to dismiss the complaint for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1). Dkt. No. 10. The Court **GRANTS** this motion.

"A claimant's failure to exhaust the procedures set forth in the Social Security Act, 42 U.S.C. § 405(g), deprives the district court of jurisdiction." *Bass v. Soc. Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (per curiam). In fact, § 405(g) "clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing.'" *Califano v. Sanders*, 430 U.S. 99, 108 (1977). Here, the Secretary presented evidence that

Plaintiff failed to exhaust this required procedure by failing to attend the May 30, 2019 hearing, even after submitting an Acknowledgment of Receipt of the Notice of Hearing. Dkt. No. 10-1, Ex. 19. Plaintiff also failed to respond to the Court's order to show cause why the motion to dismiss should not be granted. *See* Dkt. No. 11. The Court then lacks jurisdiction over this action. *See Hoye v. Sullivan*, 985 F.2d 990, 991 (9th Cir. 1992) ("By refusing to attend the hearing, [claimant] waived his opportunity for a hearing and he failed to exhaust the administrative remedy upon which judicial review depends.").

Accordingly, the Court **GRANTS** the Secretary's motion to dismiss for lack of jurisdiction. The clerk is instructed to the close the case.

**IT IS SO ORDERED.**

Dated: 3/17/2020

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge